No. 03-012

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 231N

IN THE MATTER OF R.T.,

     A Youth In Need Of Care.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone, Cause No. DN-2001-002
Honorable Russell C. Fagg, Judge Presiding

COUNSEL OF RECORD:

     For Appellant:

          Nancy L. Wetherelt, Billings, Montana

     For Respondent:

          Honorable Mike McGrath, Attorney General, Helena, Montana;
Judy Williams, Assistant Attorney General, Billings, Montana

          Dennis Paxinos, County Attorney, Billings, Montana

          Patrick Kenney, Billings, Montana (Guardian Ad Litem)

Submitted on Briefs:   June 26, 2003

Decided:   August 28, 2003

Filed:

_____
                    Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2      T.T., father of R.T., appeals from the order entered by the District Court on September 30, 2002, terminating his parental rights to R.T.  The parental rights of R.T.'s mother were also terminated by the District Court, but she has not appealed therefrom.

¶3      After hearing, the District Court concluded that R.T. was a youth in need of care; that the treatment plans satisfied the requirements of § 41-3-443, MCA (2001), and had been "tailored to the skills" that T.T. needed to develop in order to adequately parent R.T.; that T.T. had not successfully completed most of the tasks or any of the goals of the plans; and that the conduct which rendered T.T. unfit to care for R.T. had not changed since the child's removal from the household and was unlikely to change within a reasonable time, requiring termination of T.T.'s parental rights.

¶4      T.T. argues that the District Court abused its discretion because the Department of Public Health and Human Services failed to make sufficient efforts to reunite R.T. with him and, further, by holding that he did not successfully complete his treatment plans, and that his behavior was unlikely to change within a reasonable time.

2

¶5     The dispositive issue on appeal of a district court's termination of parental rights is whether the district court abused its discretion. *Matter of N.A.,* 2002 MT 303, ¶ 22, 313 Mont. 27, ¶ 22, 59 P.3d 1135, ¶ 22. We determine whether the district court's findings of fact are supported by substantial evidence, and, therefore, not clearly erroneous, and whether the court's conclusions of law are correct. *Matter of N.A.,* ¶ 22.

¶6     It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶7     We affirm the judgment of the District Court.

/S/ JIM RICE

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JOHN WARNER